UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| VINCENT C. FAST HORSE, | ) | Civ. 10-4059-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS |
| DOUGLAS WEBER, Warden, South | ) | |
| Dakota State Penitentiary, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Vincent C. Fast Horse, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Douglas Weber, moves to dismiss Fast Horse's petition, arguing it is time-barred under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Because nearly 11 years have elapsed since his conviction became final, Fast Horse's petition for writ of habeas corpus is denied.

**DISCUSSION**

**I.   The AEDPA Statute of Limitations Has Lapsed**

Under the AEDPA, state prisoners have one year to file their federal petitions for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year statute of limitations is triggered by "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). If a prisoner files a petition for certiorari, then his conviction becomes final upon "the completion or denial of certiorari proceedings before the United States Supreme Court." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998). If the prisoner does not petition the United

States Supreme Court, then his conviction becomes final when the time for filing that petition expires, so long as the Supreme Court could have reviewed his direct appeal. *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008). The statute of limitations is tolled during the time that an application for post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2).

Fast Horse's conviction for second-degree rape became final on February 19, 1997, when Bennett County Circuit Court Judge Kathleen F. Trandahl signed his amended judgment of conviction and sentence. Docket 13, Exhibit 2. Fast Horse had thirty days to file a direct appeal with the South Dakota Supreme Court. *See* SDCL 23A-32-15. "An appeal from the judgment must be taken within thirty days after the judgment is signed, attested, and filed." The thirty days elapsed on Saturday, March 22, 1997. *See* SDCL 15-6-6(a). "The last day of a period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday . . . [then] the period runs until the end of the next day which is not one of the aforementioned days." Thus, Fast Horse had until Monday, March 24, 1997, to file notice of a direct appeal. Fast Horse did not file a notice of appeal to the South Dakota Supreme Court. Thus, he was precluded from seeking a writ of certiorari from the United States Supreme Court.

On March 26, 1997, Fast Horse filed an Application for Writ of Habeas Corpus in state court. *See* Docket 13, Exhibit 3. The period between the time Fast Horse had to appeal, which expired on March 24, 1997, and the filing of

2

his state habeas corpus petition is two days. This period counts against the statute of limitations. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (holding state proceedings are not pending during the time between the end of the time for direct review and the date an application for state post-conviction relief is filed). His petition was denied and he appealed to the South Dakota Supreme Court. On July 28, 1999, the South Dakota Supreme Court affirmed the denial of habeas relief to Fast Horse. Docket 13, Exhibit 6. Fast Horses's state habeas action became final on that day. He then had 363 days left on the AEDPA one-year statute of limitations. The 363 days expired on Wednesday, July 26, 2000.

Fast Horse did not file this petition for federal habeas relief until May 27, 2010. Between July 28, 1999, when the AEDPA statute of limitations began to run and May 27, 2010, 3,955 days elapsed. The two-day period between the expiration of Fast Horse's time to file a direct appeal with the South Dakota Supreme Court and the filing of his state habeas corpus petition in March 1997 also must be counted. Thus, 3,957 days have elapsed. As a result, Fast Horse's petition for federal habeas corpus relief is dismissed because it is time-barred under § 2244(d)(1).

## II. Equitable Tolling Does Not Apply

Under the AEDPA, equitable tolling is available to a state prisoner applying for federal habeas relief in extraordinary circumstances. 28 U.S.C. § 2241(d)(1); *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Fast Horse has not shown he is entitled to equitable tolling. That is, he has not shown

" '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo, 544 U.S. 408, 418* (2005)). Fast Horse waited nearly 11 years before filing his federal petition and has made no showing that any extraordinary circumstances stood in his way to prevent him from filing a timely petition. Accordingly, he is not entitled to equitable relief from the AEDPA's one-year statute of limitations.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that Fast Horse's petition for writ of habeas corpus (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that respondent's motion to dismiss Fast Horse's application for writ of habeas corpus (Docket 12) is granted.

IT IS FURTHER ORDERED that Fast Horse's motion to appoint counsel and motion for an evidentiary hearing (Docket 14) are denied as moot.

Dated September 24, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE